**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Paul V. HIBBERD, Respondent.**

No. 88–SC–311–KB.

Supreme Court of Kentucky.

June 30, 1988.

## OPINION AND ORDER

LAMBERT, Acting Chief Justice.

In a disciplinary proceeding, the Board of Governors of the Kentucky Bar Association concluded that the respondent, Paul V. Hibberd, was guilty of unethical and unprofessional conduct calculated to bring the bench and bar of Kentucky into disrepute. The Board recommends that the respondent be suspended from the practice of law for a period of one (1) year and that he be required to pay the costs of this action.

In December, 1982, respondent filed a Joint Petition for Dissolution of Marriage and a Separation and Property Settlement Agreement. The Property Settlement Agreement was determined by the Circuit Court to be meaningless in that it failed to dispose of any marital property. Respondent failed to properly and fully inquire into the marital assets of the parties and failed to advise either or both as to their respective legal rights.

The Joint Petition recited facts that both parties and respondent knew or should have known were false. Respondent failed to inform the Court when he discovered the facts were indeed false.

Respondent had a conflict of interest in that he had a personal and monetary interest in the outcome of the divorce proceedings and he failed to make a full disclosure of the actual and potential conflicts of interest to his clients. Also, respondent failed to obtain the informed consent of both parties to waive conflicts of interest.

The respondent has not filed a notice for the Court to review the Board's decision, and the Court has not elected on its own motion to review the decision of the Board of Governors pursuant to SCR 3.370(6) and (7). Accordingly, the decision of the Board of Governors is hereby adopted, and the respondent is suspended from the practice of law in Kentucky for a period of one (1) year and is directed hereby to pay the costs of this proceeding.

Within twenty (20) days from the date of entry of this order, respondent shall notify, pursuant to SCR 3.390, all clients and courts in which he has matters pending of his inability to represent such clients and shall furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur except STEPHENS, C.J., not sitting.